UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

TODD C. BANK, Individually and on
Behalf of All Others Similarly Situated,

                    *Plaintiff*,

-against-

SIMPLE HEALTH PLANS LLC,
SIMPLE INSURANCE LEADS LLC,
STEVEN DORFMAN, and
MATTHEW E. SPIEWAK,

                    *Defendants*.

---

# CLASS-ACTION COMPLAINT

## INTRODUCTION

1. This action arises under the federal Telephone Consumer Protection Act, 47 U.S.C. Section 227 ("TCPA").

2. Plaintiff brings this action individually and as a class action on behalf of all persons to whose cellular telephone number, during the period beginning four years prior to the commencement of this action until the date of such commencement: one or more text messages, described below, were placed (the " Class").

3. Plaintiff seeks, individually and on behalf of the other Class Members, statutory damages, injunctive relief, and costs.

4. The term "person," as used in this Complaint, incorporates the definition of "person" provided in 1 U.S.C. Section 1.

## PARTIES

5. Plaintiff, Todd C. Bank ("Bank"), is a resident of the Eastern District of New York.

6. Defendant, Simple Health Plans LLC ("Simple Health Plans"), is a limited-liability company organized and existing under the laws of Florida, and has a principal place of business at 2 Oakwood Boulevard, Suite 100, Hollywood, Florida 33020.

7. Defendant, Simple Insurance Leads LLC ("Simple Insurance Leads"), is a limited-liability company organized and existing under the laws of Florida, and has a principal place of business at 2 Oakwood Boulevard, Suite 100, Hollywood, Florida 33020.

8. Defendant, Steven Dorfman ("Dorfman"), is a natural person who is a principal of Simple Health Plans and Simple Insurance Leads.

9. Defendant, Matthew E. Spiewak ("Spiewak"), is a natural person who is a principal of Simple Health Plans and Simple Insurance Leads.

## APPLICABLE LAW

10. The TCPA states that it is "unlawful for any person . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

11. A text message is a "call" within the meaning of the TCPA. *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952-954 (9th Cir. 2009).

12. Persons to whose telephone line a call is made in violation of 47 U.S.C. Section 227(b)(1) may bring an action to enjoin such violations and to recover, for each violation, the greater of the monetary loss caused by the violation or $500. *See* 47 U.S.C. Section 227(b)(3). If the court finds that a defendant willfully or knowingly violated Section 227(b)(1), the court may increase the award by up to $1,000 per violation. *See id.*

## JURISDICTION AND VENUE

13. This Court has jurisdiction under 28 U.S.C. Section 1331.

14. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b)(2).

## FACTS

15. On October 4, 2018, Bank received, on a cellular telephone line to which he is the named subscriber, a text message (the "Text Message").

16. The Text Message was as follows:



17. On October 4, 2018, Bank called the telephone number in the message, as a result of which Bank spoke with a person who identified herself as Lysette (the "Conversation").

18. During the Conversation, Lysette stated that she is an employee of Simple Health Plans.

19. During the Conversation, Lysette stated that her extension number at Simple Health Plans is 16448.

20. During the Conversation, Lysette stated Simple Health Plans had directed the sending of numerous text messages like the one that was sent to Bank.

3

21. Simple Health Plans operates the web site of www.simplehealthplans.com (the "Web Site").

23. The Web Site provides (800) 492-1834 as a telephone number of Simple Health Plans (the "Contact Number").

24. On October 9, 2018, Bank called the Contact Number, and spoke to several persons who confirmed that an employee named Lysette was assigned to extension number 16448.

25. The equipment that was used to send the Text Message had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.

26. The Text Message was made without the prior express written consent of any person who had the legal right to provide such consent.

27. The Text Message included and introduced an "advertisement" as defined in 47 C.F.R. § 64.1200(f)(1).

28. The Text Message constituted "telemarketing" as defined in 47 C.F.R. § 64.1200(f)(12).

29. Defendants directed the placement of the Text Message.

30. Defendants directed the placement, to recipients other than Bank, of thousands of text messages that were materially similar to the Text Message and that were placed without the prior express written consent of any person who had the legal right to provide such consent.

31. At all relevant times, Dorfman and Spiewak have been the principals of Simple Health Plans and Simple Insurance Leads.

32. At all relevant times herein, Dorfman and Spiewak have set the policies of Simple Health Plans and Simple Insurance Leads.

33. At all relevant times herein, Dorfman and Spiewak have controlled the day-to-day operations of Simple Health Plans and Simple Insurance Leads.

34. At all relevant times, Dorfman and Spiewak have formulated, directed, and controlled the acts set forth in this Complaint.

35. At all relevant times herein, Dorfman and Spiewak have had actual or constructive knowledge that Simple Health Plans and Simple Insurance Leads were violating the TCPA, but continued to direct Simple Health Plans and Simple Insurance Leads to engage in further violations of the TCPA.

## FIRST CAUSE OF ACTION

36. Plaintiff repeats and re-alleges, and incorporates herein, each and every allegation contained in paragraphs "1" through "35" inclusive of this Complaint as if fully set forth herein.

37. The placement of the Class Text Messages violated 47 U.S.C. Section 227(b)(1)(a)(iii).

38. Bank and the other Members of the Class are entitled to an Order, pursuant to 47 U.S.C. Section 227(b)(3)(A), enjoining Defendants from violating 47 U.S.C. Section 227(b)(1)(a)(iii).

39. Bank and Members of the Class are entitled to statutory damages of $500 per violation pursuant to 47 U.S.C. Section 227(b)(1)(a)(iii).

40. In the event that Defendants willfully or knowingly violated 47 U.S.C. Section 227(b)(1)(a)(iii), Bank and the other members of the Class are entitled to up an additional $1,000 per violation pursuant to 47 U.S.C. Sections 227(b)(3)(C).

## **CLASS ALLEGATIONS**

41. Bank brings this action individually, and as a Class Action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of the other Members of the Class.

42. Bank believes, with respect to each of the three Classes that are identified in the preceding paragraph, that there are thousands of persons whose claims are similar to Bank's individual claims, and, furthermore, that Bank's individual claims are typical of the claims of the other Class Members. Members of each Class have sustained damages arising out of Defendants' wrongful conduct in the same manner in which Bank has sustained damages arising therefrom.

43. Bank will fairly and adequately protect the interests of each Class. Bank has no interests that are antagonistic to, or in conflict with, the Members of the Classes. Indeed, Bank's interests are, for purposes of this litigation, coincident with the interests of the other Class Members.

44. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because each of the Classes are so numerous that joinder of all Members is impracticable, and because the damages suffered by most of the individual Members of the Classes are too small to render prosecution of the claims asserted herein economically feasible on an individual basis, the expense and burden of individual litigation makes it impractical for Members of the Classes to adequately address the wrongs complained of herein. Bank knows of no impediments to the effective management of this action as a class action.

45. Common questions of law and fact predominate over questions that affect only individual Class Members. Among those questions are:

(i)  whether Defendants directed the placement of text messages to cellular telephone numbers;

(ii)  whether Defendants violated Section 227(b)(1)(a)(iii) of the TCPA;

(iii)  whether Defendants willfully or knowingly violated Section 227(b)(1)(a)(iii) of the TCPA;

(iv) whether the Members of the Class are entitled to injunctive relief as a result of Defendants' violations of Section 227(b)(1)(a)(iii) of the TCPA; and

(v) whether the Members of the Class are entitled to damages as a result of Defendants' violations of Section 227(b)(1)(a)(iii) of the TCPA, and, if so, how much.

## PRAYERS FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

(a) Pursuant to 47 U.S.C. Section 227(b)(3)(A), an order enjoining Defendants from violating 47 U.S.C. Section 227(b)(1)(a)(iii);

(b) Pursuant to 47 U.S.C. Section 227(b)(3)(B), statutory damages of $500 per violation of 47 U.S.C. Section 227(b)(1)(a)(iii) for Plaintiff and the other Members of the Class;

(c) Pursuant to 47 U.S.C. Section 227(b)(3)(C), up to $1,000 of statutory damages for Plaintiff and the other Members of the Class, in addition to the statutory damages prayed for in the preceding paragraph, if the Court finds that Defendants knowingly or willfully violated 47 U.S.C. Section 227(b)(1)(a)(iii);

(d) An award, to Plaintiff and the other Members of each Class, of the costs and disbursements of this action, and reasonable legal fees, and such other and further relief as this Court deems just and proper.

Dated: November 13, 2018

Respectfully submitted,

   *s/ Todd C. Bank*
TODD C. BANK
  ATTORNEY AT LAW, P.C.
119-40 Union Turnpike
Fourth Floor
Kew Gardens, New York 11415
(718) 520-7125
By Todd C. Bank

*Counsel to Plaintiff*
