UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TODD C. BANK, Individually and on Behalf of All Others Similarly Situated,<br><br>*Plaintiff*,<br><br>-against-<br><br>SIMPLE HEALTH PLANS LLC,<br>SIMPLE INSURANCE LEADS LLC,<br>STEVEN J. DORFMAN, and<br>MATTHEW E. SPIEWAK,<br><br>*Defendants*. | 1:18-cv-06457-MKB-ST<br><br>**NOTICE OF MOTION** |

**PLEASE TAKE NOTICE**, that upon the annexed Declaration of Todd C. Bank and exhibits thereto, the accompanying memorandum of law, and all other pleadings and proceedings herein, Plaintiff, Todd C. Bank, will move this Court, on a date and at a time to be designated by the Court, before Margo K. Brodie, United States District Judge, for an Order: (1) pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Rule 55.2(b) of the Local Rules of the Eastern District of New York, for a default judgment against Defendant Steven J. Dorfman; (2) granting Plaintiff permission to engage in class-certification discovery pursuant to Rule 45 of the Federal Rules of Civil Procedure; and (3) granting Plaintiff any additional relief that the Court deems just and proper.

Dated: June 14, 2021

                                                                                                     **s/ *Todd C. Bank***
                                                                                                     TODD C. BANK,
                                                                                                      ATTORNEY AT LAW, P.C.
                                                                                                     119-40 Union Turnpike
                                                                                                      Fourth Floor
                                                                                                      Kew Gardens, New York 11415
                                                                                                      (718) 520-7125
                                                                                                      By Todd C. Bank

                                                                                                      *Counsel to Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TODD C. BANK, Individually and on Behalf of All Others Similarly Situated,<br><br>*Plaintiff*,<br><br>-against-<br><br>SIMPLE HEALTH PLANS LLC,<br>SIMPLE INSURANCE LEADS LLC,<br>STEVEN J. DORFMAN, and<br>MATTHEW E. SPIEWAK,<br><br>*Defendants*. | 1:18-cv-06457-MKB-ST<br><br>**DECLARATION OF**<br>**TODD C. BANK** |

1. I am the plaintiff in the above-captioned matter.

2. I submit this declaration in support of my motion for an Order: (1) pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Rule 55.2(b) of the Local Rules of the Eastern District of New York, for a default judgment against Defendant Steven J. Dorfman; (2) granting Plaintiff permission to engage in class-certification discovery pursuant to Rule 45 of the Federal Rules of Civil Procedure; and (3) granting Plaintiff any additional relief that the Court deems just and proper.

2. Annexed hereto as Exhibits "A," "B," and "C," respectively, are true and accurate copies of the following: a copy of the Amended Complaint (Dkt. No. 20), to which no response has been made by Defendant Steven J. Dorfman; the Clerk's Certificate of Default (Dkt. No. 13); and a proposed form of default judgment.

3. I incorporate herein each of the allegations of the Complaint.

Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing is true and correct.

                                                                            *s/ Todd C Bank*
                                                                            Todd C. Bank
                                                                            Executed on June 14, 2021

# Exhibit "A"

## Amended Complaint

## (Dkt. No. 20)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TODD C. BANK, Individually and on Behalf of All Others Similarly Situated, <br><br> *Plaintiff*, <br><br> -against- <br><br> STEVEN J. DORFMAN, <br><br> *Defendant*. | 1:18-cv-06457-MKB-ST |

# AMENDED CLASS-ACTION COMPLAINT

## INTRODUCTION

1. This action arises under the federal Telephone Consumer Protection Act, 47 U.S.C. Section 227 ("TCPA").

2. Plaintiff brings this action individually and as a class action on behalf of all persons to whose cellular telephone number, during the period beginning four years prior to the commencement of this action until the date of such commencement: one or more text messages, described below, were placed (the " Class").

3. Plaintiff seeks, individually and on behalf of the other Class Members, statutory damages, injunctive relief, and costs.

4. The term "person," as used in this Complaint, incorporates the definition of "person" provided in 1 U.S.C. Section 1.

## PARTIES

5. Plaintiff, Todd C. Bank ("Bank"), is a resident of the Eastern District of New York.

6. Defendant, Steven J. Dorfman ("Dorfman"), is a natural person.

1

## APPLICABLE LAW

7. The TCPA states that it is "unlawful for any person . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

8. A text message is a "call" within the meaning of the TCPA. *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952-954 (9th Cir. 2009).

9. Persons to whose telephone line a call is made in violation of 47 U.S.C. Section 227(b)(1) may bring an action to enjoin such violations and to recover, for each violation, the greater of the monetary loss caused by the violation or $500. *See* 47 U.S.C. Section 227(b)(3). If the court finds that a defendant willfully or knowingly violated Section 227(b)(1), the court may increase the award by up to $1,000 per violation. *See id.*

## JURISDICTION AND VENUE

10. This Court has jurisdiction under 28 U.S.C. Section 1331.

11. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b)(2).

**[continued on next page]**

# FACTS

12. On October 4, 2018, Bank received, on a cellular telephone line to which he is the named subscriber, a text message (the "Text Message").

13. The Text Message was as follows:



14. On October 4, 2018, Bank called the telephone number in the message, as a result of which Bank spoke with a person who identified herself as Lysette (the "Conversation").

15. During the Conversation, Lysette stated that she is an employee of Simple Health Plans LLC ("Simple Health Plans").

16. During the Conversation, Lysette stated that her extension number at Simple Health Plans is 16448.

17. During the Conversation, Lysette stated Simple Health Plans had directed the sending of numerous text messages like the one that was sent to Bank.

18. At all relevant times, Simple Health Plans has operated the web site of www.simplehealthplans.com (the "Web Site").

19. At all relevant times, the Web Site has provided (800) 492-1834 as a telephone

3

number of Simple Health Plans (the "Contact Number").

20. On October 9, 2018, Bank called the Contact Number, and spoke to several persons who confirmed that an employee named Lysette was assigned to extension number 16448.

21. The equipment that was used to send the Text Message had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.

22. The Text Message was made without the prior express written consent of any person who had the legal right to provide such consent.

23. The Text Message included and introduced an "advertisement" as defined in 47 C.F.R. § 64.1200(f)(1).

24. The Text Message constituted "telemarketing" as defined in 47 C.F.R. § 64.1200(f)(12).

25. At all relevant times, Dorfman has been the chief executive officer of Simple Health Plans.

26. At all relevant times, Dorfman has owned 99 percent of Simple Health Plans.

27. At all relevant times, Simple Health Plans's salespersons used a script (a "Script").

27. At all relevant times, Dorfman had personally partaken in the creation of the Scripts.

28. At all relevant times, the Scripts had been approved by Dorman.

29. At all relevant times, Dorfman trained Simple Health Plans's salespersons how to use the Scripts.

30. Bank's cellular telephone line is among thousands of cellular telephone line to which were sent text messages that were materially similar to the Text Message and that were placed without the prior express written consent of any person who had the legal right to provide such consent.

4

Case 1:18-cv-06457-MKB-ST   Document 20   Filed 03/06/20   Page 5 of 7 PageID #: 272

## FIRST CAUSE OF ACTION

31. Plaintiff repeats and re-alleges, and incorporates herein, each and every allegation contained in paragraphs "1" through "30" inclusive of this Complaint as if fully set forth herein.

32. The placement of the above-described text messages violated 47 U.S.C. Section 227(b)(1)(a)(iii).

33. Bank and the other Members of the Class are entitled to an Order, pursuant to 47 U.S.C. Section 227(b)(3)(A), enjoining Defendant from violating 47 U.S.C. Section 227(b)(1)(a)(iii).

34. Bank and Members of the Class are entitled to statutory damages of $500 per violation pursuant to 47 U.S.C. Section 227(b)(1)(a)(iii).

35. In the event that Defendant willfully or knowingly violated 47 U.S.C. Section 227(b)(1)(a)(iii), Bank and the other members of the Class are entitled to up an additional $1,000 per violation pursuant to 47 U.S.C. Sections 227(b)(3)(C).

## CLASS ALLEGATIONS

36. Bank brings this action individually, and as a Class Action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of the other Members of the Class.

37. Bank believes, with respect to each of the three Classes that are identified in the preceding paragraph, that there are thousands of persons whose claims are similar to Bank's individual claims, and, furthermore, that Bank's individual claims are typical of the claims of the other Class Members. Members of each Class have sustained damages arising out of Defendant's wrongful conduct in the same manner in which Bank has sustained damages arising therefrom.

38. Bank will fairly and adequately protect the interests of each Class. Bank has no interests that are antagonistic to, or in conflict with, the Members of the Classes. Indeed, Bank's interests are, for purposes of this litigation, coincident with the interests of the other Class Members.

39. A class action is superior to all other available methods for the fair and efficient

5

adjudication of this controversy. Because each of the Classes are so numerous that joinder of all Members is impracticable, and because the damages suffered by most of the individual Members of the Classes are too small to render prosecution of the claims asserted herein economically feasible on an individual basis, the expense and burden of individual litigation makes it impractical for Members of the Classes to adequately address the wrongs complained of herein. Bank knows of no impediments to the effective management of this action as a class action.

40. Common questions of law and fact predominate over questions that affect only individual Class Members. Among those questions are:

(i) whether Defendant directed the placement of text messages to cellular telephone numbers;

(ii) whether Defendant violated Section 227(b)(1)(a)(iii) of the TCPA;

(iii) whether Defendant willfully or knowingly violated Section 227(b)(1)(a)(iii) of the TCPA;

(iv) whether the Members of the Class are entitled to injunctive relief as a result of Defendant's violations of Section 227(b)(1)(a)(iii) of the TCPA; and

(v) whether the Members of the Class are entitled to damages as a result of Defendant's violations of Section 227(b)(1)(a)(iii) of the TCPA, and, if so, how much.

**PRAYERS FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a) Pursuant to 47 U.S.C. Section 227(b)(3)(A), an order enjoining Defendant from violating 47 U.S.C. Section 227(b)(1)(a)(iii);

(b) Pursuant to 47 U.S.C. Section 227(b)(3)(B), statutory damages of $500 per violation of 47 U.S.C. Section 227(b)(1)(a)(iii) for Plaintiff and the other Members of the Class;

(c) Pursuant to 47 U.S.C. Section 227(b)(3)(C), up to $1,000 of statutory damages for Plaintiff and the other Members of the Class, in addition to the statutory damages prayed for in the preceding paragraph, if the Court finds that Defendant knowingly or willfully violated 47 U.S.C.

6

Section 227(b)(1)(a)(iii);

(d) An award, to Plaintiff and the other Members of each Class, of the costs and disbursements of this action, and reasonable legal fees, and such other and further relief as this Court deems just and proper.

Dated: March 6, 2020

Respectfully submitted,

s/ *Todd C. Bank*
TODD C. BANK,
 ATTORNEY AT LAW, P.C.
119-40 Union Turnpike
Fourth Floor
Kew Gardens, New York 11415
(718) 520-7125
By Todd C. Bank

*Counsel to Plaintiff*

7

# Exhibit "B"

## Clerk's Certificate of Default

## (Dkt. No. 26)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TODD C. BANK, Individually and on Behalf of All Others Similarly Situated,<br><br>*Plaintiff*,<br><br>-against-<br><br>SIMPLE HEALTH PLANS LLC,<br>SIMPLE INSURANCE LEADS LLC,<br>STEVEN J. DORFMAN, and<br>MATTHEW E. SPIEWAK,<br><br>*Defendants*. | 1:18-cv-06457-MKB-ST<br><br>**CERTIFICATE OF DEFAULT** |

I, Douglas C. Palmer, Clerk of the Court of the United States District Court for the Eastern District of New York, do hereby certify that Defendant Steven J. Dorfman has not filed any answer or otherwise moved with respect to the Amended Complaint herein. The defaults of Defendant Steven J. Dorfman is hereby noted pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

Dated: Brooklyn, New York
      June __14__, 2021

Douglas C. Palmer, Clerk of the Court

By: *Jalitza Poveda*
        Deputy Clerk

# Exhibit "C"

**proposed Judgment**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TODD C. BANK, Individually and on Behalf of All Others Similarly Situated,<br><br>                                         *Plaintiff*,<br><br>-against-<br><br>SIMPLE HEALTH PLANS LLC,<br>SIMPLE INSURANCE LEADS LLC,<br>STEVEN J. DORFMAN, and<br>MATTHEW E. SPIEWAK,<br><br>                                        *Defendants*. | 1:18-cv-06457-MKB-ST<br><br>**JUDGMENT** |

      **ORDERED and ADJUDGED** that judgment is hereby entered in favor of Plaintiff, Todd C. Bank, and against Defendant Steven J. Dorfman, declaring that Defendant Steven J. Dorfman is in default.

Dated: Brooklyn, New York                                      Douglas C. Palmer
       June \_\_\_\_, 2021                                                  Clerk of Court

                                                                                  by: _____
                                                                                       Deputy Clerk

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TODD C. BANK, Individually and on Behalf of All Others Similarly Situated,<br><br>         *Plaintiff*,<br><br>    -against-<br><br>SIMPLE HEALTH PLANS LLC,<br>SIMPLE INSURANCE LEADS LLC,<br>STEVEN J. DORFMAN, and<br>MATTHEW E. SPIEWAK,<br><br>         *Defendants*. | 1:18-cv-06457-MKB-ST |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR A DEFAULT JUDGMENT AND FOR PERMISSION
TO ENGAGE IN CLASS-CERTIFICATION DISCOVERY**

                TODD C. BANK,
                 ATTORNEY AT LAW, P.C.
                119-40 Union Turnpike
                Fourth Floor
                Kew Gardens, New York 11415
                (718) 520-7125
                By Todd C. Bank

                *Counsel to Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TODD C. BANK, Individually and on Behalf of All Others Similarly Situated,<br><br>*Plaintiff*,<br><br>-against-<br><br>SIMPLE HEALTH PLANS LLC,<br>SIMPLE INSURANCE LEADS LLC,<br>STEVEN J. DORFMAN, and<br>MATTHEW E. SPIEWAK,<br><br>*Defendants*. | 1:18-cv-06457-MKB-ST |

## INTRODUCTION

Plaintiff, Todd C. Bank ("Bank"), submits this memorandum of law in support of Bank's motion for an Order: (1) pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Rule 55.2(b) of the Local Rules of the Eastern District of New York, for a default judgment against Defendant Steven J. Dorfman; (2) granting Bank permission to engage in class-certification discovery pursuant to Rule 45 of the Federal Rules of Civil Procedure; and (3) granting Bank any additional relief that the Court deems just and proper.

## FACTUAL AND PROCEDURAL BACKGROUND

This putative class action, which was commenced on November 13, 2018, arose under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"); specifically, Section 227(b)(1)(A)(iii) of the TCPA, which makes it "unlawful for any person . . . to make any call (other than a call . . . made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

Bank is seeking, individually and on behalf of the other class members, statutory damages

and injunctive relief. *See* Compl. (Dkt. No. 1), ¶ 3, and Prayers for Relief.

On March 29, 2019, the Clerk issued a Certificate of Default (Dkt. No. 26) against Defendants Steven J. Dorfman.

## ARGUMENT

### POINT I

### PLAINTIFF SHOULD BE PERMITTED TO CONDUCT CLASS-CERTIFICATION DISCOVERY

With respect to Bank's individual claims:

> "'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 189 (2d Cir. 2015) (quoting *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc.*, 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec., Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Cement & Concrete Workers Dist. Council Welfare Fund*, 699 F.3d at 234. District courts may hold an inquest by affidavit without a hearing so long as the court has "ensured that there was a basis for the damages specified in the default judgment." *Transatlantic Marine*, 109 F.3d at 111.

*Flanagan v. KND Constr, Corp.*, No. 12-cv-5584, 2015 WL 7737497, *2 (E.D.N.Y. Nov. 30, 2015).

With respect to Bank's class allegations, however, "'[the] general principle that factual allegations in the complaint are deemed admitted by the defendant upon default . . . does not solve the class-certification issue[,] [as] Rule 23(c) imposes an independent duty on the district court to determine by order that the requirements of Rule 23(a) are met regardless of the defendant's

2

admissions.'" *Mihelis v. Network Commercial Service, Inc.*, No. 11-cv-2215, 2014 WL 4828875, *4 (E.D.N.Y. Aug. 8, 2014), quoting *Davis v. Hutchins*, 321 F.3d 641, 648-649 (7th Cir. 2003). Accordingly, Bank should be permitted to engage in class-certification discovery, as was permitted in *Telford*. *See id.* at *4; *see also Williams v. Goldman & Steinberg, Inc.*, No. 03-cv-2132, 2006 WL 2053715, at *10 (E.D.N.Y. July 21, 2006) (Report and Recommendation), *adopted*, *see id.* at *1 ("since the defendant's default has deprived [the] plaintiff of an opportunity to conduct discovery, I recommend that, should the Court find [the] defendant liable for [the plaintiff's individual claims], [the] plaintiff be granted an opportunity to conduct discovery . . . on the questions of the class and damages . . . . Any discovery should be conducted pursuant to the requirements of Rule 45 rather than Rule 26."); *DeNicola v. Asset Recovery Solutions, LLC*, No. 11-cv-1192, 2011 WL 2133811, *2 (E.D.N.Y. May 20, 2011) (casting doubt on whether "class discovery prior to moving for default judgment," but finding that "the Court nevertheless concludes that the] [p]aintiff has made a colorable argument in favor of permitting such discovery to proceed.").

As observed in *Leider v. Ralfe*, No. 01-cv-3137, 2003 WL 24571746, *8 (S.D.N.Y. Mar. 4, 2003): "[j]udges in this District and elsewhere have considered certifying a class despite a defendant's failure to appear. . . . Indeed, any other conclusion might give defendants an incentive to default in situations where class certification seems likely."

**[continued on next page]**

## **CONCLUSION**

Bank respectfully requests that this Court issue an Order: (1) pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Rule 55.2(b) of the Local Rules of the Eastern District of New York, for a default judgment against Defendant Steven J. Dorfman; (2) granting Bank permission to engage in class-certification discovery pursuant to Rule 45 of the Federal Rules of Civil Procedure; and (3) granting Bank any additional relief that the Court deems just and proper.

Dated: June 14, 2021

       *s/ Todd C. Bank*
TODD C. BANK,
 ATTORNEY AT LAW, P.C.
119-40 Union Turnpike
Fourth Floor
Kew Gardens, New York 11415
(718) 520-7125
By Todd C. Bank

*Counsel to Plaintiff*

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 14, 2021, a true and accurate copy of the foregoing via the Court's electronic-filing (ECF) system was sent to all parties by operation of the Court's ECF system and has been mailed to those parties, if any, by Certified Mail® who are not served via the Court's ECF system; namely:

      Steven J. Dorfman
      465 Brickell Avenue #5401
      Miami, FL  33131

Dated: June 14, 2021

                                                                                                                              **s/ *Todd C. Bank***
                                                                                                                             Todd C. Bank