UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------

TODD C. BANK, *Individually and on Behalf of All Others Similarly Situated*,

                Plaintiff,

v.

STEVEN J. DORFMAN,

                Defendant.

**ORDER**
18-CV-6457 (MKB) (ST)

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Plaintiff Todd C. Bank, proceeding *pro se*,[1] commenced the above-captioned action on behalf of himself and all other similarly situated individuals against Simple Health Plans, LLC, Simple Insurance Leads, LLC (collectively, the "Corporate Defendants"), Stephen J. Dorfman, and Matthew E. Spiewak (the "Individual Defendants") on November 13, 2018. (Compl. ¶¶ 2, 5–9, 41, Docket Entry No. 1.) Plaintiff alleged that Defendants sent him and thousands of others unsolicited text messages in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. (*Id.* ¶ 1.) On March 6, 2020, Plaintiff filed an Amended Complaint, alleging the same TCPA violations against only Dorfman.[2] (Am. Compl., Docket Entry No. 20.) The

---

[1] Plaintiff is also a licensed attorney and is therefore not afforded the special latitude traditionally afforded to *pro se* plaintiffs. *See Bank v. U.S. Dep't of Health & Human Servs.*, 708 F. App'x 43, 44 (2d Cir. 2018) (noting that Plaintiff is "an attorney proceeding *pro se*" and declining to afford him "special solicitude").

[2] On March 29, 2019, the Clerk of Court entered default as to the Individual Defendants after they failed to respond to the Complaint, (Mar. 2019 Entry of Default, Docket Entry No. 13), and Plaintiff subsequently moved for default judgment against them, (Apr. 2019 Mot. Default J., Docket Entry No. 14). By letter dated April 25, 2019, Dorfman filed a motion to strike the Clerk of Court's entry of default and Plaintiff's motion for default judgment on the grounds that this action should be stayed pursuant to a Notice of Receivership and Stay issued by the Honorable

Amended Complaint alleges that Defendant personally partook in creating a script used by salespersons to send the unsolicited text messages, that the language used in the script was approved by Defendant, and that Defendant trained salespersons on how to use the script. (*Id.* ¶¶ 27–29.)

On June 14, 2021, the Clerk of Court entered default against Defendant after he failed to respond to the Amended Complaint, (June 2021 Entry of Default, Docket Entry No. 26), and Plaintiff moved for a default judgment against Defendant (the "Second Motion for Default Judgment"). (June 2021 Mot. Default J., Docket Entry No. 27). By Report and Recommendation dated December 21, 2021, (the "Dec. 2021 R&R"), Judge Tiscione recommended that the Court deny Plaintiff's Second Motion for Default Judgment against Defendant without prejudice, and that Plaintiff be granted leave to file a second amended complaint ("SAC"). (Dec. 2021 R&R at 15–18, Docket Entry No. 17.) In addition, Judge Tiscione recommended that ordering class certification would be premature.[3] (*Id*. at 18.)

---

Judge Darrin P. Gayles in the United States District Court for the Southern District of Florida ("April 2019 Letter"). (Letter dated Apr. 25, 2019, Docket Entry No. 15.) By Report and Recommendation dated December 12, 2019, (the " Dec. 2019 R&R"), Judge Steven Tiscione recommended that the Court deny the motion to stay the action against the Individual Defendants because the Notice of Receivership and Stay issued by Judge Gayles did not apply to the Individual Defendants. (Dec. 2019 R&R at 5–9.) Judge Tiscione also recommended that the Court deny Plaintiff's motion for default judgment without prejudice because the Complaint did not allege sufficient facts to plausibly show that the Individual Defendants had the kind of direct personal participation in the sending of the text messages as required under the TCPA to hold a corporate officer personally liable. (*Id*. at 14–16.) The Court adopted the Dec. 2019 R&R in its entirety. (Order dated Feb. 7, 2020.)

[3] Judge Tiscione also noted that Plaintiff has run into this same issue in this Court numerous times when alleging TCPA violations. *See, e.g.*, *Bank v. Vivint Solar, Inc.*, No. 18-CV-2555, 2019 WL 2280731, at *2–3 (E.D.N.Y. Feb. 25, 2019), *report and recommendation adopted*, No. 18-CV-2555, 2019 WL 1306064 (E.D.N.Y. Mar. 22, 2019); *Bank v. GoHealth, LLC*, No. 19-CV-5459, 2021 WL 2323282, at *11–12 (E.D.N.Y. Mar. 8, 2021), *report and recommendation adopted*, No. 19-CV-5459, 2021 WL 1884671 (E.D.N.Y. May 11, 2021); *see*

2

No objections to the Dec. 2021 R&R have been filed and the time for doing so has passed.

**I. Discussion**

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (same); *Almonte v. Suffolk County*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if

---

*also Bank v. Spark Energy, LLC*, No. 19-CV-4478, 2020 WL 6873436, at *3 (E.D.N.Y. Nov. 23, 2020), *aff'd*, 860 F. App'x 205, 206 (2d Cir. 2021); *Bank v. Alarm.com Holdings, Inc.*, 828 F. App'x 5, 8 (2d Cir. 2020). (Dec. 2021 R&R at 17.)

the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the unopposed Dec. 2021 R&R and, finding no clear error, adopts it pursuant to 28 U.S.C. § 636(b)(1).

## II. Conclusion

Accordingly, the Court denies Plaintiff's Second Motion for Default Judgment against Defendant without prejudice and grants Plaintiff leave to file a SAC. The Court offers Plaintiff a final opportunity to amend the Amended Complaint and correct the pleading deficiencies. If Plaintiff elects not to file a SAC or fails to file a SAC within thirty days of this Order, the Court will dismiss all claims against Defendant with prejudice.

Dated: February 4, 2022
      Brooklyn, New York

                                        SO ORDERED:

                                             s/ MKB     
                                        MARGO K. BRODIE
                                        United States District Judge